## TODD v. TODD.

Court of Appeals of Kentucky.

June 18, 1954.

John G. Prather, Somerset, for appellant.

Fritz Krueger, Somerset, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment wherein Andrew Todd was granted an absolute divorce, and Flora Todd's counterclaim for an absolute divorce and $5,000 lump sum alimony was dismissed. Flora Todd's ground for reversal is that the court erred in not awarding her alimony.

The parties were married in 1918. They lived together for 32 years and had four children. In 1949 they separated and this divorce suit resulted.

Flora Todd's evidence is to the effect that in 1942 the couple left their farm in Pulaski County and went to Ohio to seek employment. They rented a home there and their daughter, son-in-law and grandchild lived with them. After they were settled Andrew went to work for the B. & O. Railroad, while Flora Todd stayed at home and took care of the house and tended to the grandchild. Todd began running around with other women, and came home drunk every night demanding that they engage in sexual relations, which she was unable to do. When she refused him he would choke her and tell her that he would find a younger woman who could satisfy his desires. In the early part of 1949 the appellee returned to his farm in Pulaski County. Shortly thereafter Flora Todd returned, but, because of the cruel treatment she received she had to go back to Ohio and live with her daughter.

Andrew's evidence is to the effect that while the couple lived in Ohio his wife quarreled with him so much he had to resign from the Eagles' Club; that even though he paid the larger part of the living expenses his wife was claimed by the son-in-law as a dependent in order to stay out of the Army and reduce his income tax payments. While in Ohio Flora Todd sued him for divorce, but the court refused to grant one. Andrew Todd states further that in 1949 he decided to return to the farm in Pulaski County and asked his wife to go with him, but she refused; that shortly after he returned to Kentucky she followed him, but stayed only two weeks. At the end of that time she told him she would not live with him on the farm. He says also that, prior to the institution of this action, he made every effort to have her return and live with him as man and wife.

Flora Todd claims that she is entitled to $5,000, which is half the value of her husband's farm, as lump sum alimony, because she was not at fault in causing the separation. The chancellor found that Andrew Todd was entitled to an absolute divorce and Flora Todd was not entitled to any alimony. The rule followed by this Court is that a finding of fact, such as involved herein, will not be set aside unless clearly erroneous. CR 52.01.

We believe that the chancellor reached a fair disposition of the case.

Judgment affirmed.